IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIC SAGER,  :
       Plaintiff,  :
    v.  :  Case No. 3:05-cv-431-KRG-KAP
BLAIR COUNTY PRISON MEDICAL  :
STAFF,  :
       Defendants  :

### Report and Recommendation

#### Recommendation

The remaining defendants' unopposed motion for summary judgment, docket no. 16, should be granted, and the matter dismissed with prejudice.

#### Report

Plaintiff alleged that while he was incarcerated in the Blair County Prison in December 2003, he was assaulted by a fellow inmate and believed he suffered a broken bone in his face, but was only treated by being given a bag of ice and Tylenol. After a motion to dismiss was denied as to these moving defendants, I set a pretrial schedule requiring plaintiff and defendants to complete discovery and file cross motions for summary judgment on the issue whether plaintiff suffered more than a de minimis injury by December 15, 2006. docket no. 12. Defendants filed a timely motion, docket no. 16, also moving for summary judgment on the additional basis that there was no deliberate indifference to plaintiff's medical need. Plaintiff filed nothing, neither as ordered nor in response to defendants' motion.

Plaintiff's complaint could be dismissed simply for lack of prosecution. Not only is plaintiff delinquent in filing pretrial motions, he apparently has taken no action even to identify the individual defendants allegedly liable, a requirement expressly called to his attention when the motion to dismiss was decided.

If the court wishes to reach the merits, it is settled law that prison inmates have a right, derived from the Eighth Amendment, that prison officials not be deliberately indifferent to providing care for their serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference means a knowing or reckless denial of necessary medical care by the prison medical staff, not a failure to provide every treatment option believed necessary by the inmate:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer v. Brennan, 511 U.S. 825, 837 (1994). While the Farmer standard does not require a defendant to intend harm before liability can be imposed, medical malpractice and errors of judgment are not constitutional violations. See Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir.1993). Defendants' unopposed motion shows that plaintiff was promptly and appropriately treated

2

(including x-rays of the injured area) in December 2003, and that when plaintiff complained again in February 2004, he was seen again. The medical records show that by April 2004, plaintiff was feeling well enough to play basketball so vigorously that he broke a bone in his finger. Plaintiff made no further complaints about his face.

It is important to note there is no claim (nor could there be one) that defendants are liable for plaintiff's December 2003 injury. There is no evidence that there was a failure to treat that injury, much less that defendants showed deliberate indifference. There is no evidence that plaintiff suffered any harm after the initial injury. Judgment therefore should be entered for defendants for lack of prosecution, for lack of liability, and for lack of injury.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: June 1, 2007

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

> Eric Sager GC-1557
> S.C.I. Fayette
> P.O. Box 9999
> Labelle, PA 15450